S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Anderson J. Duff (*pro hac vice* to be filed)
ajd@hoganduff.com
Duff Law PLLC
43-10 Crescent St. Ste. 1217
New York, New York 11101
Tel:  (646) 450-3607

Attorneys for Plaintiff
WATER FOR LIVING, LLC

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATER FOR LIVING, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>v.<br><br>GFORCE CORPORATION d/b/a DFX SPORTS & FITNESS LLC, a Nevada corporation; CENTURY TREE SERVICE, INC., a California corporation; and FLOYD TOM SMITH, an individual in California,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) FALSE ADVERTISING**<br>**(3) UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200)**<br>**(4) UNFAIR COMPETITION (15 U.S.C. § 1125)**<br>**(5) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>**(6) TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))**<br>**(7) TRADEMARK DILUTION (Cal. Bus. & Prof. Code § 14247(a))**<br>**(8) CIVIL CONSPIRACY**<br>**(9) NEGLIGENCE**<br>**(10)   NEGLIGENT MISREPRESENTATION**<br>**(11)   FRAUD**<br><br>**DEMAND FOR JURY** |

Plaintiff Water for Living, LLC ("Plaintiff" or "Water"), on information and belief, alleges as follows:

**PARTIES**

1.      Plaintiff is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 705 E. Harrison St., Ste. 1, Corona, California 92879.

2.      Plaintiff manufactures and sells goods in the health and wellness space with a focus on consumable goods containing cannabidiol ("CBD") isolate.

3.      Plaintiff is informed, and believes, and thereon alleges that Defendant Gforce Corporation ("Gforce") is a corporation organized under the laws of the state of Nevada doing business as DFX Sports & Fitness LLC with offices at 1144 N. Grove St., Anaheim, California 92806.

4.      Plaintiff is informed, and believes, and thereon alleges that Defendant Floyd Tom Smith ("Smith") is an individual residing in California with offices at 1144 N. Grove St., Anaheim, California 92806.

5.      Plaintiff is informed, and believes, and thereon alleges that Defendant Century Tree Service, Inc. ("Century") is a corporation organized under the laws of the state of California with offices at 1144 N. Grove St., Anaheim, California 92806.

6.      Plaintiff is informed, and believes, and thereon alleges that Gforce, Smith, Century, or some combination thereof own and operate the website at *www.crbtools.com*.

7.      Plaintiff is informed, and believes, and thereon alleges that Smith is a managing member and director of Gforce and Century.

8.      Hereinafter, Gforce, Century, and Smith are referred to collectively as "Defendants."

9.      At all times relevant, each of the Defendants named in this complaint was the agent, employee and/or representative of each other, and in doing the actions herein set forth, did so with the knowledge and consent of each of the other

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Defendants.

10.   Upon information and belief, Defendant Smith controlled each entity Defendant during all relevant times.

11.   Upon information and belief, Defendant Smith mismanaged the other named Defendants by treating them as a single company and not discrete corporate entities.

12.   Upon information and belief, Defendant Smith negligently, recklessly, or fraudulently represented to Plaintiff's that he controlled or represented a company that is not a party to this lawsuit with a business name registered in Utah as PBLX Pure Body Logix ("Logix"), which is, based on information and belief, owned and managed by his adult children with whom Plaintiff wanted to develop a working relationship.

13.   Upon information and belief, Defendant Smith negligently, recklessly, or fraudulently induced Plaintiff to believe that  Defendant Smith was as an agent or owner of Logix when he was not an owner or agent of that entity.

14.   Upon information and belief, Defendant Smith formed a corporation under the laws of the State of California with the name Pure Body Logics, Inc. ("Logics") intending to cause confusion as to the ownership and management of his children's entity, Logix, or with reckless or negligent disregard, caused  the confusion by naming his company "Logics" that is almost identical to the name of the business run by his children, known as "Logix."

15.   Defendant Smith asserts that he received a license to use Plaintiff's intellectual property via an early proposed draft of a contract that never resulted in an agreement but was being negotiated in good faith by Plaintiff and the third-party, Logix, owned by Defendant Smith's children.

## JURISDICTION AND VENUE

16.   This is a civil action arising from Defendants' willful and intentional copying of Plaintiff's copyrighted works; false advertising that willfully misled

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

consumers into fraudulent transactions that damaged Plaintiff's reputation; willful infringement of Plaintiff's trademarks; unfair business practices used to compete with Plaintiff in the marketplace.

17.    If, as Defendant Smith asserts, he believed that Plaintiff had granted him a license to build the infringing website, his conviction sprang from his negligent, reckless, or fraudulent representations that he was acting as an agent of his children's third-party company, Logix, when he was not.

18.    Moreover, if Defendant Smith believes that Plaintiff granted him a license to build the infringing website, his conviction must also spring from a negligent or reckless belief that an initial proposed draft of Plaintiff's standard distribution agreement, which was between Plaintiff and the company run by Defendant Smith's children, Logix, and was rejected by Logix after the Logix and Plaintiff could not agree on material terms, still operated as an effective license of Plaintiff's intellectual property rights.

19.    Plaintiff's causes of action arise under the Copyright Act, 17 U.S.C. § 101, *et seq.*, Lanham Act, 15 U.S.C. § 1051, *et seq.*, California common law, and Cal. Bus. & Prof. Code § 17200.

20.    This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367; and 15 U.S.C. §§ 1116 and 1121.

21.    This Court has pendant, ancillary, and/or supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 because such claims are so closely related that they form part of the same case or controversy.

22.    Plaintiff sells its health and wellness products within this judicial district.

23.    Defendants and each of them offer health and wellness goods and services within this judicial district.

24.    Plaintiff's causes of action arise out of Defendants' activities purposefully aimed at this judicial district, and Defendants' acts and the resulting

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

consequences have a substantial connection to this judicial district such that the exercise of jurisdiction is reasonable. The exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

25.     This Court has personal jurisdiction over Defendants in that they transact business in California and within this judicial district.

26.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendants are entities or individuals subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

Plaintiff's Business:

27.     Plaintiff is an industry leader in the field of cannabidiol ("CBD") extracts and related goods that operates throughout the United States with its headquarters in California.

28.     Plaintiff's health and wellness products meant for human consumption or topical are created using CBD that is 99.5 percent pure CBD derived from the hemp plant. Plaintiff's CBD has no psychoactive effects but interacts with a consumer's endo-cannabinoid system to provide health and wellness.

29.     Plaintiff's health and wellness goods are created using proprietary formulations and are not available from any other source.

30.     Consumers use Plaintiff's high-quality CBD goods to treat a variety of symptoms.

31.     Plaintiff operates an interactive website at *cbdliving.com* that features numerous original photographs of Plaintiff's products and other original creative works ("Plaintiff's Website").

32.     Plaintiff created Plaintiff's Website in 2018.

33.     Plaintiff owns federal copyright Registration No. TXu 2-143-107 for the text, photographs, and the selection and arrangement of the elements appearing on Plaintiff's Website.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

34.    Plaintiff owns federal copyright Registration No. VAu 1-356-891 for two hundred eighty-six (286) photographs that appear on Plaintiff's Website.

35.    Plaintiff's above-mentioned federal copyright registrations are referred to collectively as "Plaintiff's Copyright Registrations." True and correct copies of the certificates of registration issued by the Copyright Office are attached hereto as **Exhibit A**.

36.    Plaintiff owns federal trademark application Serial No. 88/271,195 for CBD LIVING & Design for a variety of health and wellness products and has used CBD LIVING & Design continuously and substantially exclusively since at least as early as November 15, 2015.

37.    Plaintiff owns federal trademark application Serial No. 88/383,269 for LIVING & Design for a variety of health and wellness products and has used LIVING & Design continuously and substantially exclusively since at least as early as March 25, 2018.

38.    Plaintiff owns federal trademark Registration No. 5,473,522 for LIVING & Design for athletic apparel and has used LIVING & Design for such goods continuously and substantially exclusively since at least as early as April 18, 2017.

39.    Plaintiff has used CBD LIVING as a trademark for a variety of health and wellness goods and services continuously and substantially exclusively since at least as early as November 15, 2015.

40.    Plaintiff has used CBDLIVING.COM as a trademark for a variety of goods and services continuously and substantially exclusively since at least as early as March 25, 2018.

41.    The trademarks referenced above are referred to herein collectively as "Plaintiff's Trademarks."

42.    Plaintiff has used each of Plaintiff's Trademarks throughout the United States and has spent a significant amount of time and energy developing the goodwill associated with each trademark.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

43.     Plaintiff owns common law rights to each of Plaintiff's Trademarks throughout the United States.

44.     In December 2018, Plaintiff considered entering into a non-exclusive distribution agreement with Smith's adult children operating as "PBLX Pure Body Logix (previously defined as "Logix") that would have allowed Smith's children to sell Plaintiff's goods to their then current retail and wholesale customers.

45.     Plaintiff and Smith's children were unable to reach an agreement.

Defendants' Unlawful Actions:

46.     In or about March 2019, Plaintiff discovered that Smith had registered the domain *nautralcbdliving.com*.

47.     Upon information and belief, Plaintiff alleges that Defendants worked together to create the website appearing at *naturalcbdliving.com*.

48.     Before discovering the infringing website at *naturalcbdliving.com*, Plaintiff did discuss a potential distribution agreement with Defendant Smith because Defendant Smith misrepresented that he was an agent of Logix when he was not.

49.     Upon information and belief, Defendant Smith intentionally and fraudulently took advantage of Plaintiff's belief that Defendant Smith represented his children's company when he knew he had no such authority.

50.     In the alternative, if Defendant Smith was not intentionally misrepresenting his authority to represent his children's company, his belief that he had such authority was negligently formed.

51.     Upon information and belief, Defendant Smith, either believing that he had obtained a valid license to Plaintiff's intellectual property through his misrepresentations or recklessly believing he could impress Plaintiff and negotiate a distribution agreement with Water, began using Defendant Century to setup the infringing website that appeared at *naturalcbdliving.com* and process payments for orders placed through that website.

52.     Defendant Century knew or should have known that publishing a fully-

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

7

functional e-commerce website advertising Plaintiff's products, taking consumers' money, and not sending consumers the products they ordered was unlawful.

53.    Upon information and belief, Defendant Century recklessly or negligently relied upon the assurances of Defendant Smith that Plaintiff had given permission for Defendants to build the infringing website.

54.    The email address listed as the "registrant email" for *naturalcbdliving.com* is lisa@crbtools.com.

55.    At least as early as April 3, 2019 and as of the filing date of Plaintiff's initial Complaint, *naturalcbdliving.com/landing* featured a page showing a photograph of several of Plaintiff's products.

56.    At least as early as April 3, 2019 and as of the filing date of Plaintiff's initial Complaint, *naturalcbdliving.com/living* featured an interactive e-commerce webpage using Plaintiff's copyrighted photographs and layout to offer Plaintiff's health and wellness products for sale to consumers at retail. A true and correct copy of a portion of this interactive e-commerce website is attached hereto as **Exhibit B**.

57.    The "About Us" section of the website appearing at *naturalcbdliving.com* contains images and text copied directly from Plaintiff's Website, including text that states "[f]irst established in 2013 and headquartered in Corona, California, CBD Living has a global reach . . ." and "CBD Living offers a vast array of products to meet different preferences and lifestyles." The "About Us" section described above prominently displays the following logo: 

The footer of the "About Us" section described above contains a copyright notice reading "©2018 Natural CBD Living." A true and correct copy of the "About Us" webpage as it appeared on May 24, 2019 is attached hereto as **Exhibit C**.

58.    On April 3, 2019, a representative for Plaintiff placed an order for one of Plaintiff's goods using Defendants' interactive e-commerce website at *naturalcbdliving.com/living* and was charged twelve dollars and ninety-nine cents ($12.99). The merchant name listed with the representative's bank records for this

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

charge was "Century Products." Such goods were never received.

59.     On March 29, 2019, Plaintiff's counsel mailed a letter to "DFX Sports and Fitness LLC, 1144 N. Grove Street, Anaheim, California 92806," notifying Defendant Gforce of Plaintiff's rights and the infringing works appearing at *naturalcbdliving.com.*

60.     Counsel for Gforce responded with an April 12, 2019 letter stating that "[t]o test market value and prepare for promotion of [Plaintiff's] products, an advertising display was created for the DFX product website . . . ." Counsel for Gforce and Logics incorrectly asserted that the advertising displays on the website were created with Plaintiff's consent and stated that the website had yielded no sales. This letter stated that "[t]he promotions will be removed within 10 days of the date of this letter." The letter also stated that Smith owns *naturalcbdliving.com*, and they did not represent Smith.

61.     Whether through reckless indifference to Plaintiff's rights, willful disregard of them, or mere negligence, Defendants did not disable the infringing website at *naturalcbdliving.com* as promised.

62.     On April 16, 2019, Plaintiff's counsel sent a letter to "Tom Smith, 1144 N. Grove Street, Anaheim, California 92806, info@mydfxpro.com" informing Smith of Plaintiff's rights and the Defendants' infringing activity. This letter also notified Defendants of at least one test purchase from *naturalcbdliving.com* and requested a refund.

63.     On May 7, 2019, a representative for Plaintiff placed an order for Plaintiff's "Living Sour Gummies" using Defendants' interactive e-commerce website at *naturalcbdliving.com/living* and was charged forty dollars ($47) including a payment for shipping. Plaintiff's representative received email receipts for this transaction from "Century Products - <diana@crbtools.com>" and sales@naturalcbdliving.com. Such goods were never received.

64.     On May 10, 2019, Plaintiff's counsel sent a second letter to counsel for

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**COMPLAINT**

1   Gforce informing them of test purchases from the infringing website at

2   *naturalcbdliving.com*. No response was received.

3       65.    Additional test purchases of Plaintiff's goods from Defendants' website

4   at *naturalcbdliving.com* resulted in charges with no products received.

5       66.    At least as early as April 1, 2019 and as of the filing date of this

6   Complaint, Gforce's website at *mydfxpro.com/new-products* featured Plaintiff's

7   copyrighted photographs of Plaintiff's health and wellness goods in connection with

8   NATURAL CBD LIVING and a button to click for purchase with a disclaimer stating

9   "Clicking this button will open the Natural CBD Site." A true and correct copy of this

10  webpage is attached hereto as **Exhibit D**.

11      67.    Upon information and belief, Defendants willfully and intentionally

12  worked together to create a functional copy of Plaintiff's Website at

13  *naturalcbdliving.com* offering Plaintiff's goods for sale knowing that Defendants

14  would never deliver any products ordered through the infringing website.

15      68.    In the alternative, if Defendants were, as they assert, acting under the

16  belief that Plaintiff had granted them a license to build the website at

17  *naturalcbdliving.com*, Defendants' belief that they had been granted such a license

18  was the result of recklessness or negligence.

19      69.    Defendants' reliance on a proposed and unexecuted contract between

20  non-party Logix and Plaintiff shows that Defendants either did not read the proposed

21  contract or negligently read the unexecuted agreement pro and negligently assumed it

22  would become a binding agreement with a provision that allowed Defendants to have

23  a license to use Plaintiff's trademark and copyrighted images when no such a

24  provision was included in the unexecuted agreement with Logix.

25      70.    Defendants' copying of Plaintiff's Website and several photographs

26  appearing there constitutes willful copyright infringement.

27      71.    In the alternative, Defendants acted recklessly or at least negligently if

28  they, as they assert, believed they created the website at *naturalcbdliving.com* under a

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

license from Plaintiff.

72.     Defendants' use of NATURAL CBD LIVING and NATURALCBDLIVING & Design in connection with Defendants' infringing copy of Plaintiff's Website creates a significant likelihood that consumers will mistakenly believe that Defendants are affiliated with Plaintiff or are authorized distributors of Plaintiff's product when they are not.

73.     Upon information and belief, Defendants intentionally selected and began using NATURAL CBD LIVING and variations thereon to freeride on the goodwill associated with Plaintiff's Trademarks.

74.     Defendants' aforementioned conduct infringes upon Plaintiff's Trademarks and constitutes trademark infringement and counterfeiting under the Lanham Act.

75.     As a direct result of Defendants' aforementioned acts, Plaintiff suffered monetary loss and disruption to its business as well as irreparable harm to its reputation.

76.     As of the filing date of this Complaint, Defendants continue to willfully infringe upon Plaintiff's rights and, upon information and belief, continue to accept money for goods they know they will not deliver.

## FIRST CAUSE OF ACTION

### (Copyright Infringement

### Against All Defendants)

77.     Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 76, inclusive as though fully set forth herein.

78.     Plaintiff owns federal copyright Registration No. TXu 2-143-107 for the content and layout of Plaintiff's Website.

79.     Plaintiff owns federal copyright Registration No. VAu 1-356-891 for two hundred eighty-six (286) photographs, many of which feature Plaintiff's goods.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

80.     Defendants intentionally copied Plaintiff's website and used Plaintiff's photographs to create a functional e-commerce website at *naturalcbdliving.com* that is a copy of Plaintiff's Website.

81.     The website appearing at *naturalcbdliving.com* copies the layout, arrangement of facts, selection of facts, and overall creative expression of Plaintiff's Website.

82.     Defendants intentionally used Plaintiff's copyrighted photographs in marketing materials that directed consumers to the infringing copy of Plaintiff's Website at *naturalcbdliving.com*.

83.     Despite ample notice of Defendants' infringing activity, Defendants continue to willfully infringe upon Plaintiff's copyrights.

84.     Defendants' actions constitute copyright infringement pursuant to 17 U.S.C. § 501.

85.     Defendants' infringement of Plaintiff's copyrights was committed willfully.

86.     Plaintiff is entitled to actual damages and Defendants' profits, or statutory damages pursuant to 17 U.S.C. § 504, whichever is greater.

87.     Plaintiff is entitled to a separate award of damages for each of the photographs listed in federal copyright Registration No. VAu 1-356-891 that Defendants copied and used.

88.     Plaintiff is entitled to its costs and attorney fees pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (False Advertising -15 U.S.C. § 1125

### against All Defendants)

89.     Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 88, inclusive as though fully set forth herein.

5001373.1 -- N1702.3

90.     Defendants' interactive e-commerce website at *naturalcbdliving.com* and marketing materials directed consumers to that infringing website offer Plaintiff's products for sale and accept consumers' money.

91.     Defendants accept money from consumers but do not ship any products ordered through *naturalcbdliving.com*.

92.     Several statements included on Defendants' infringing website are expressly false because they describe Plaintiff's trademark and not any of the Defendants.

93.     Defendants' false statements of fact were used in commercial advertisements and deceived or were likely to deceive consumers in a material way as to the affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

94.     Defendants' false statements of fact were used in interstate commerce and through an online interactive website aimed at consumers throughout the United States.

95.     Defendants' false statements of fact caused or are likely to cause Plaintiff competitive or commercial injury.

96.     Defendants are liable for false advertising under the Lanham Act.

97.     Defendants' aforementioned false statements were made willfully and in bad faith.

98.     Defendants are liable for up to three times Plaintiff's damages, Defendants' profits, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### (Unfair Business Practices - Cal. Bus. & Prof. Code § 17200

### Against All Defendants)

99.     Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 98, inclusive as though

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  fully set forth herein.

2      100.   Defendants' conduct as alleged herein constitutes unlawful, unfair, or

3  fraudulent business acts or practices in violation of California Business and

4  Professions Code § 17200 *et seq.*

5      101.   Defendants' wrongful conduct, as alleged above, has permitted and will

6  permit them to make substantial sales and profits on the strength of Plaintiff's

7  nationwide marketing, advertising, sales and consumer recognition. As a direct and

8  proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been

9  and will be deprived of substantial sales of its products in an amount as yet unknown

10  but to be determined at trial, and has been and will be deprived of the value of its

11  trademarks as commercial assets, in an amount as yet unknown  but to be determined

12  at trial. Plaintiff seeks restitution in this matter, including an order granting

13  Defendants' profits stemming from their infringing activity, and Plaintiff's actual out

14  of pocket loss from loss of sales and its products due to Defendants' wrongful

15  conduct.

16      102.   Plaintiff has no adequate remedy at law for Defendants' continuing

17  violation of its rights set forth above. Plaintiff seeks injunctive relief, including but not

18  limited to preliminary relief.

19      103.   Plaintiff further requests a court order that an asset freeze or constructive

20  trust be imposed over all monies in Defendants' possession that rightfully belong to

21  Plaintiff.

22  **FOURTH CAUSE OF ACTION**

23  **(Federal Unfair Competition – 15 U.S.C. § 1125(a)**

24  **Against All Defendants)**

25      104.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference

26  each and every allegation contained in paragraphs 1 through 103, inclusive as though

27  fully set forth herein.

28      105.   Defendants willfully used Plaintiff's trademarks on the website appearing

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

at *naturalcbdliving.com* and in other marketing materials to falsely create an association between Defendants and Plaintiff, and Defendants' use of Plaintiff's Trademarks as described above is intended to, and is likely to, cause consumer confusion.

106.   By misappropriating Plaintiff's copyrighted website, photographs, and Plaintiff's Trademarks, Defendants intentionally attempted to freeride on the goodwill associated with Plaintiff's Trademarks.

107.   Plaintiff will have no adequate remedy at law and will continue to suffer irreparable harm to its reputation if Defendants' activities are not enjoined.

108.   As a direct result of Defendants' unlawful activities described above, Plaintiff has suffered monetary damage in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1114

### against All Defendants)

109.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 108, inclusive as though fully set forth herein.

110.   Plaintiff owns all rights, title, and interest in and to Plaintiff's Marks.

111.   Defendants have, without Plaintiff's permission, used each of Plaintiff's Trademarks in interstate commerce in a manner that is likely to cause confusion or mistake or deceive purchasers and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association between Plaintiff and/or its goods, services, and commercial activities, on the one hand, and Defendants and/or Defendants' respective goods, services, or commercial activities, on the other.

112.   Defendants' aforementioned actions constitute counterfeiting of Plaintiff's Trademarks that are federally registered under 15 U.S.C. § 1114.

113.   As a direct and proximate result of the Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

trademarks, business reputation, and goodwill.

114.   Unless restrained, Defendants will continue to use Plaintiff's Marks, or marks confusingly similar thereto, and will continue causing Plaintiff irreparable injury.

115.   Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

116.   Plaintiff is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful act.

117.   Plaintiff is entitled to recover any gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

118.   Because Defendants' wrongful acts were willful, Plaintiff is entitled to an award of exemplary damages at common law as well as treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117.

119.   At any time before final judgment is rendered by the Court, Plaintiff is entitled to elect to recover, instead of actual damages and profits, an award of statutory damages of up to two million dollars ($2,000,000) per mark per type of goods or services sold, offered for sale, or distributed.

## SIXTH CAUSE OF ACTION

## (Federal Common Law Trademark Infringement – 15 U.S.C. § 1125(a)

## Against All Defendants)

120.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 119, inclusive as though fully set forth herein.

121.   Defendants' unlawful use of Plaintiff's Marks constitutes trademark infringement under 15 U.S.C. § 1125(a).

122.   Defendants' use of NATURALCBDLIVING and any variation thereof in

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

5001373.1 -- N1702.3

connection with health and wellness goods and services constitutes trademark infringement under 15 U.S.C. § 1125(a).

123.   Defendants' use of NATURALCBDLIVING and variations thereof in connection with the website appearing at *naturalcbdliving.com/living*, which Defendants created as a copy of Plaintiff's Website, significantly increased the risk of consumer confusion and requires Defendants to select a new mark that is wholly dissimilar to any of Plaintiff's Marks.

124.   As a direct and proximate result of the Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.

125.   Unless restrained, Defendants will continue to use Plaintiff's Marks, or marks confusingly similar thereto, and will continue causing Plaintiff irreparable injury.

126.   Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

127.   Plaintiff is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful act.

128.   Plaintiff is entitled to recover any gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

129.   Because Defendants' wrongful acts were willful, Plaintiff is entitled to an award of exemplary damages at common law as well as treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117.

**SEVENTH CAUSE OF ACTION**

**(California Trademark Dilution – Cal. Bus. & Prof. Code § 14247(a) Against All Defendants)**

130.  Plaintiff re-pleads, re-alleges and incorporates herein by this reference

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  each and every allegation contained in paragraphs 1 through 129, inclusive as though

2  fully set forth herein.

3      131.  Each of Plaintiff's Trademarks is widely recognized by the general

4  consuming public in California as a designation of source for Plaintiff's goods and

5  services.

6      132.  Each of Plaintiff's Trademarks is famous and distinct in, at least, Orange

7  County, Riverside County, and Los Angeles County, all in California.

8      133.  Each of Plaintiff's Trademarks were famous and distinct in, at least,

9  Orange County, Riverside County, and Los Angeles County, all in California, prior to

10  the date on which Defendants unlawfully used and diluted Plaintiff's Trademarks.

11      134.  Each of Plaintiff's Trademarks continues to be famous and distinct

12  throughout California as Plaintiff continues to strengthen its presence in key

13  California markets with, in party, an increasingly sophisticated e-commerce website,

14  more robust distribution networks, and the introduction of new product lines, all

15  aimed at consumers throughout California.

16      135.  The acts of Defendants recited herein dilute each of Plaintiff's

17  Trademarks in the State of California and, as such, violate California Business &

18  Professions Code § 14247 giving rise to a state law claim for dilution.

19      136.  Defendants' unlawful acts as stated herein have caused irreparable harm

20  to Plaintiff and will continue to cause further irreparable harm unless Defendants are

21  enjoined by this Court.

22      137.  Defendants' unlawful acts as stated herein have damaged Plaintiff in an

23  amount according to proof.

## EIGHTH CAUSE OF ACTION

## (Conspiracy Against All Defendants)

26      138.  Plaintiff re-pleads, re-alleges and incorporates herein by this reference

27  each and every allegation contained in paragraphs 1 through 137, inclusive as though

28  fully set forth herein.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

139.   As alleged above, Defendants intentionally and maliciously agreed to cooperate in, and did cooperate in, a scheme to defraud consumers by infringing upon Plaintiff's rights and unfairly competing with Plaintiff.

140.   In furtherance of this conspiracy, Defendants' at least copied Plaintiff's website, selected a trademark intending to cause consumer confusion, promoted their infringing website at *mydfxpro.com* and *naturalcbdliving.com*, and set up e-commerce payment tools through *www.crbtools.com* to fraudulently process credit cards.

141.   Defendants have profited from their fraudulent misrepresentations, infringing activity, and other unlawful actions.

142.   As a direct result of Defendants' conspiracy as set forth herein, Water has been damaged and is entitled to recover damages in an amount which shall be proved at trial.

143.   Defendants' actions and the injuries inflicted upon Water as set forth herein entitle Water to a recovery of punitive damages against Defendants in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### (Negligence As to All Defendants)

144.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 143, inclusive as though fully set forth herein.

145.   Defendants owed a legal duty to Plaintiff and Plaintiff's consumers to use reasonable care in the operation of their business so they would not cause consumer to believe that Defendants had the right to use Plaintiff's copy righted images, trademarks, and other intellectual property to market and sell Plaintiff's products.

146.   Defendant Smith owed Plaintiff a duty to use reasonable care when making representations about his children's company, Logix, so that Plaintiff would not mistakenly believe that Defendant Smith was an agent of that company. This duty was heightened by Defendant Smith's use of a corporation formed with a name

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   (Logic) that is almost identical to the company run by his children.

2       147.   If Defendant Smith believed that he was an agent of his children's

3   company, he owed a duty of care to ensure his belief and subsequent representations

4   to third parties, like Plaintiff, were reasonable.

5       148.   Defendant Century owed Plaintiff and Plaintiff's consumers a duty to use

6   reasonable care in evaluating instructions from Defendant Smith to building a fully

7   functional e-commerce website identical to Plaintiff's that would process consumer

8   payments without shipping any goods and recognize that Plaintiff's consumers were

9   having their money stolen and would direct their anger at Plaintiff.

10      149.   Defendants breached their respective duties of care, by, among other acts

11  and omissions, representing to Plaintiff or allowing Plaintiff to believe that Defendant

12  Smith acted as an agent of his children's company, Logix, copying Plaintiff's website,

13  utilizing Plaintiff's trademarks as set forth above to cause consumer confusion,

14  promoting their infringing website at *mydfxpro.com* and *naturalcbdliving.com*, and

15  setting up e-commerce payment tools through *www.crbtools.com* without reasonable

16  grounds to believe that they had the authority to market and sell Plaintiff's CBD

17  products.

18      150.   As a direct and proximate result of Defendants' negligence as set forth

19  herein, Water's reputation as a leading and reliable CBD product manufacturer has

20  been damaged.

21      151.   As a direct and proximate result of Defendants' negligence described

22  above, Water has suffered monetary damages in an amount which shall be proved at

23  trial.

24                    **TENTH CAUSE OF ACTION**

25          **(Negligent Misrepresentation As to Defendant Smith)**

26      152.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference

27  each and every allegation contained in paragraphs 1 through 151, inclusive as though

28  fully set forth herein.

AlvaradoSmith
A Professional Corporation
Santa Ana

153.   Defendant Smith misrepresented his authority to act on behalf of his children's company, Logix

154.   At the time Defendant Smith allowed Plaintiff to believe that he represented his children's company, Defendant Smith reasonably should have known that he did not have the authority to act as an agent for his children's company.

155.   Upon information and belief, Defendant Smith, without taking reasonable care, caused confusion of his California corporation, Logic, with the company run by his children, Logix.

156.   Defendant Smith's misrepresentations regarding his authority to act as an agent for his children's company were made to induce Plaintiff to enter into a business relationship with Defendant Smith and were made without reasonable basis for believing so.

157.   As a direct result of Plaintiff's reasonable reliance on Defendant Smith's misrepresentations that he served as an agent of a company owned by his own children, Defendant Smith was able to gain proximity to Plaintiff and Plaintiff's trust and convince Defendant Century that Plaintiff had signed off on the e-commerce website that defrauded any customer who made a purchase through it.

158.   As a direct result of Plaintiff's reasonable reliance on Defendant Smith's fraudulent representations, Plaintiff has suffered irreparable harm and monetary damages in an amount to be proven at trial as a direct result of Defendant Smith's misrepresentations.

## ELEVENTH CAUSE OF ACTION

### (Fraud As to Defendant Smith)

160.   Plaintiff re-pleads, re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 159, inclusive as though fully set forth herein.

161.   Defendant Smith intentionally misrepresented his authority to act on behalf of his children's company, Logix.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**COMPLAINT**

162.   At the time Defendant Smith allowed Plaintiff to believe that he represented his children's company, Defendant Smith knew that he did not have the authority to act as an agent for his children's company.

163.   Upon information and belief, Defendant Smith intentionally confused his California corporation, Logic, with the company run by his children, Logix.

164.   Defendant Smith's knowing misrepresentations were made intentionally to induce Plaintiff to enter into a business relationship with Defendant Smith.

165.   As a direct result of Plaintiff's reasonable reliance on Defendant Smith's misrepresentations that he served as an agent of a company owned by his own children, Defendant Smith was able to gain proximity to Plaintiff and Plaintiff's trust and convince Defendant Century that Plaintiff had signed off on the e-commerce website that defrauded any customer who made a purchase through it.

166.   As a direct result of Plaintiff's reasonable reliance on Defendant Smith's fraudulent representations, Plaintiff has suffered irreparable harm and monetary damages in an amount to be proven at trial as a direct result of Defendant Smith's misrepresentations.

167.   Defendant Smith's actions causing the injuries inflicted against Plaintiff as set forth herein were reckless, intentional, knowing, malicious, and willful and entitle Plaintiff to a recovery of punitive damages against defendant Smith, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1.   As to the Third Cause of Action against Defendants, for disgorgement of all gains, profits, and advantages derived by Defendants from their fraudulent activities described above;

2.   As to the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth Tenth, and Eleventh Causes of Action, for compensatory damages in an amount to be determined at trial but no less than $500,000;

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3.     As to the Second, Fifth, and Sixth Causes of Action, for treble damages;

4.     As to the Fifth, Sixth,  Eighth, and Eleventh Causes of Action for punitive/exemplary damages;

5.     Injunctive relief barring Defendants from future infringement;

6.     Injunctive relief barring Defendants from using NATURALCBDLIVING or any confusingly similar variation thereof as a trademark in connection with any hell and wellness goods or services;

7.     Plaintiff's costs and expenses;

8.     Plaintiff's reasonable attorneys' fees;

9.     Prejudgment interest at the maximum legal rate; and

10.    Such other relief as the Court may deem proper.

DATED:  January 15, 2021                  ALVARADOSMITH
                                         A Professional Corporation


                                         By:  /s/ S. Christopher Yoo
                                              S. CHRISTOPHER YOO
                                              JACOB M. CLARK
                                              Attorneys for Plaintiff
                                              WATER FOR LIVING. LLC

1

2     **<u>Demand for Jury Trial</u>**

3          Plaintiff hereby demands a trial by jury on all issues and claims raised in its

4     Complaint that are triable by jury.

5

6

7     DATED:  January 15, 2021                    ALVARADOSMITH
                                                  A Professional Corporation
8

9

10    By:  /s/ S. Christopher Yoo
                                                  S. CHRISTOPHER YOO
11                                                JACOB M. CLARK
                                                  Attorneys for Plaintiff
12                                                WATER FOR LIVING. LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**COMPLAINT**

5001373.1 -- N1702.3